IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALBERT JACKSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No.: 3:05 cv 158 DRH |
| ) | |
| STATE OF ILLINOIS, ) | |
| ) | |
| Respondent. ) | |

**REPORT AND RECOMMENDATION**

This matter has been referred to Magistrate Judge Donald G. Wilkerson by District Judge David R. Herndon pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a) for a Report and Recommendation on the Petition for a Writ of Habeas Corpus filed by the petitioner, Albert Jackson, on March 3, 2005 (Doc. 1) and the Motion to Dismiss filed by the respondent, the State of Illinois, on April 27, 2005 (Doc. 11).  For the reasons set forth below, it is **RECOMMENDED** the Petition for Writ of Habeas Corpus be **DISMISSED**, that the Motion to Dismiss be **GRANTED**, and that the Court adopt the following findings of fact and conclusions of law:

Findings of Fact

On August 27, 1990, the petitioner, Albert Jackson, pled guilty to a state charge of unlawful delivery of a controlled substance.  He was sentenced to two years confinement and 3 years supervised release.  The petitioner was released from state custody on November 25, 1992. While he was in state custody, he was found guilty of a federal offense related to drug trafficking, on May 15, 1991, and sentenced to 262 months of incarceration.  This judgment was affirmed on appeal to the Seventh Circuit Court of Appeals.  United States v. Jackson, 36 F.3d 1099 (table) (7th Cir. 1994).  The petitioner also was convicted of a federal drug related offense

on June 16, 1994 and sentenced to 480 months to run consecutively to the unrelated 1991 conviction. The petitioner's direct appeal of this conviction also was denied and the judgment affirmed. United States v. Jackson, 61 F.3d 906 (table) (7th Cir. 1995). The petitioner filed unsuccessful post-conviction petitions regarding both of these federal convictions in the United States District Court for the Central District of Illinois. Both denials of his post-conviction petitions were affirmed by the Seventh Circuit Court of Appeals.

With respect to the 1990 state conviction, the petitioner did not file a direct appeal. (Petition at p. 2-3) The petitioner first filed a post-conviction petition with the state courts on January 14, 2002. (Resp. Ex. A at p. 2) The Circuit Court of Jefferson County dismissed the petition as untimely. (Resp. Ex. A at p. 2) In the petitioner's appeal, he raised one argument that the Circuit Court erred in failing to appoint counsel. The Appellate Court affirmed the decision of the Circuit Court by finding that the petitioner was not incarcerated in a state prison and therefore could not file a petition pursuant to the state's Post-Conviction Hearing Act, 725 ILL. COMP. STAT. 5.122-1. The petitioner's petition for leave to appeal was denied by the Illinois Supreme Court on January 28, 2004. (Resp. Ex. 6 at p. 1)

In his petition before this Court, the petitioner ascribes a number of errors at the state court level:

> 1. That the state courts committed error by failing to appoint post-conviction counsel and by failing to hold an evidentiary hearing.
>
> 2. That trial counsel coerced the petitioner into entering a guilty plea to an offense that was not charged in the indictment.
>
> 3. That petitioner was denied effective assistance of appellate counsel.
>
> (Petition at pp. 5-6)

2

In his memorandum in support, filed on April 15, 2005, the petitioner further alleges that his plea was taken in violation of the Illinois Code of Criminal Procedure, 725 ILL. COMP. STAT. 5/122-1, in that it was not knowing and voluntary.  In his prayer for relief, the petitioner seeks a declaration that "the People of the State of Illinois adjudicated a structurally defective plea process that has violated petitioner's constitutional right to due process of law and equal protection of the law pursuant to the 5th and 14th Amendments to the Constitution." (Memorandum, Doc. 10, at p. 7)

## Conclusions of Law

Throughout the petitioner's pleadings, he maintains that he is filing suit pursuant to 28 U.S.C. §2254 and is challenging his 1990 state conviction.[1]  The statute provides that:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus on behalf of a person *in custody* pursuant to the judgment of a State court only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States.
>
> 28 U.S.C. §2254(a) (emphasis added).

The threshold burden that the petitioner must meet is that he is in custody pursuant to the judgment of a state court.  In this instance, the petitioner is not "in custody," within the plain meaning of the statute, while this petition has been pending in state court, and is currently serving time on a federal charge.  See Maleng v. Cook, 490 U.S. 488, 490-491, 109 S.Ct. 1923,

---

[1] For this reason, this Court declines to convert this habeas petition to a petition for relief from judgment pursuant to 28 U.S.C. §2255 which would be based on an enhanced federal sentence argument.  See Martin v. Deuth, 298 F.3d 669, 671 (7th Cir. 2002); Talbott v. Indiana, 226 F.3d 866, 870 (7th Cir. 2000).  In addition, the petitioner has failed to meet other requirements of the federal habeas statute including, in part, filing suit against the person with day-to-day control over the petitioner.

1925 (1989).  Even if the petitioner were in state custody, this Court does not have jurisdiction over the respondent, the State of Illinois, pursuant to the Eleventh Amendment of the United States Constitution.  See 28 U.S.C. §§2242 and 2243; See also Robledo-Gonzales v. Ashcroft, 342 F.3d 667, 672-973 (7th Cir. 2003).  Moreover, the type of relief that the petitioner is seeking, in the form of a declaratory judgment, is not the type of relief that is generally available to a habeas petitioner.  Notwithstanding the petitioner's arguments concerning the underlying judgment, this Court simply has no jurisdiction to hear this matter and it should be dismissed.

For the reasons set forth above, it is **RECOMMENDED** that the Petition for a Writ of Habeas Corpus filed by the petitioner, Albert Jackson, on March 3, 2005 be **DISMISSED** (Doc. 1), that the Motion to Dismiss filed by the respondent, the State of Illinois, on April 27, 2005 be **GRANTED** (Doc. 11), and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto.  The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals.  Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: July 13, 2005**

                **s/ Donald G. Wilkerson**
                **DONALD G. WILKERSON**
                **United States Magistrate Judge**