IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ALBERT JACKSON,**

**Petitioner,**

**vs.**

**STATE OF ILLINOIS,**

**Respondent.**                                          **No. 03-CV-158-DRH**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

On March 3, 2005 Albert Jackson, an inmate at the U.S. Penitentiary in Terre Haute, Indiana, filed a pro se petition for a writ of habeas corpus against the State of Illinois pursuant to **28 U.S.C. § 2254**. (Doc. 1). Jackson challenges his 1990 Illinois state conviction for unlawful delivery of a controlled substance. (Docs. 1, 10.) On April 27, 2005, the State of Illinois filed a motion to dismiss Jackson's petition. (Doc. 11.)

This matter comes before the Court on a Report and Recommendation (the "Report") filed by United States Magistrate Judge Donald Wilkerson on July 13, 2005, pursuant to **28 U.S.C. § 636(b)(1)(B)**. (Doc. 15.) Judge Wilkerson's Report recommends that Jackson's Petition for a Writ of Habeas Corpus be denied and that the State of Illinois's Motion to Dismiss be granted. Because Jackson objects (Doc.

16), this Court undertakes de novo review of the Report.[1] **28 U.S.C. § 636(b)(1)(B)**; **FED. R. CIV. P. 72(b)**; ***Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992)**. The Court may "accept, reject or modify the recommended decision." **FED. R. CIV. P. 72(b)**; ***Willis v. Caterpillar Inc.*, 199 F.3d 902, 904 (7th Cir. 1999)**.

The Court agrees that Jackson's motion should be dismissed. Jackson has filed a petition for a writ of habeas corpus pursuant to **28 U.S.C. § 2254**. (Doc. 1 (entitled "Petition Under **28 U.S.C. § 2254** for Writ of Habeas Corpus by a Person in State Custody").) By its plain language, that statute applies only to prisoners in custody pursuant to the judgment of a state court, a condition Jackson — currently housed in a federal penitentiary (Doc. 1) — clearly does not meet. **28 U.S.C. § 2254**; ***Maleng v. Cook*, 490 U.S. 488, 490-91 (1989)**; ***Martin v. Deuth*, 298 F.3d 669, 671 (7th Cir. 2002)**; (*see also* Doc. 12, Ex. A, p. 2 (indicating that Jackson's 1990 conviction resulted in a penalty of three years' imprisonment and two years' mandatory supervised release); Ex. C (providing Jackson's history with the Illinois Department of Corrections)). Moreover, Jackson does not claim that his current sentence was enhanced based on an unconstitutionally obtained prior conviction; as such, the Court cannot construe his petition as being brought under **28 U.S.C. § 2255**. *See **Walker v. O'Brien*, 216 F.3d 626, 632-34 (7th Cir. 2000)** (explaining

---

[1] The Court waives any timeliness issues in considering Jackson's objections. *See* **Local Rule of the Southern District of Illinois 73.1**.

the paths available to prisoners in custody under sections 2241, 2254, and 2255).[2]

For these reasons, and because Jackson's objections (Doc. 16) fail to address the substance of the Report, including the issues above, the Court **ADOPTS** Magistrate Judge Wilkerson's Report. (Doc. 15.) The Court **DISMISSES** Jackson's petition for a writ of habeas corpus (Doc. 1), and **GRANTS** the State of Illinois's Motion to Dismiss (Doc. 11).

**IT IS SO ORDERED.**

Signed this 30th day of January, 2006.

/s/           David RHerndon
**United States District Judge**

---

[2] The Court further notes that since Jackson has already filed **28 U.S.C. §2255** actions as to both of his federal convictions (Doc. 12, Exs. G, J), he would need permission from the Seventh Circuit in order to file another such action. **28 U.S.C. § 2244(b)(3)(A)**.